[621 NYS2d 691]

In the Matter of NANCI J. WALTER (Admitted as NANCI JEAN
KILSCH), an Attorney, Respondent. GRIEVANCE COMMITTEE
FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 30, 1995

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Nanci J. Walter,* Katonah, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

On April 28, 1994, the respondent was found guilty, after a jury trial, of all three charges contained in Indictment Number 93 CR 0971. These charges involved (1) unlawfully, willfully, and knowingly falsifying, concealing, and covering up by trick, scheme, and device a material fact, and making a false, fictitious, and fraudulent statement and representation to the Food and Drug Administration in violation of 18 USC § 1001; (2) unlawfully, willfully, and knowingly attempting to obstruct, delay, and affect commerce by extortion; and (3) knowingly communicating false information that a consumer product had been tainted, such product and the results of such communication affecting interstate commerce and potentially creating a risk of death and bodily injury to another.

On July 13, 1994, the respondent was sentenced by the Honorable Charles Brieant of the United States District Court for the Southern District of New York to 41 months' incarceration on each count, to run concurrently, and two years' supervised release.

Extortion is a form of larceny under the law of this State (Penal Law § 155.05 [2] [e]). The respondent's demands for payment ranged from $5,000 up to $400,000. As such, the crime of which the respondent was convicted is essentially similar to grand larceny in the second degree or grand larceny in the third degree (Penal Law §§ 155.40, 155.35).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon her conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., SULLIVAN, BALLETTA, ROSENBLATT and MILLER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nanci J. Walter, is disbarred

and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Nanci J. Walter is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.